**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 12, 2015

LETTER TO COUNSEL

  RE: *Kristi McMurtrie v. Commissioner, Social Security Administration*;
     Civil No. SAG-14-1956

Dear Counsel:

  On June 17, 2014, Plaintiff Kristi McMurtrie petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 12, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the decision of the Commissioner in part, and remand the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

  Ms. McMurtrie protectively filed a claim for Disability Insurance Benefits ("DIB") on August 12, 2010. (Tr. 56, 190-92). She alleged a disability onset date of February 17, 2010. (Tr. 190). Her claim was denied initially and on reconsideration. (Tr. 59-62, 64-70). A hearing was held on March 12, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 36-55). Following the hearing, the ALJ determined that Ms. McMurtrie was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 17-35). The Appeals Council denied Ms. McMurtrie's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

  The ALJ found that Ms. McMurtrie suffered from the severe impairments of bipolar disorder with panic attacks, histrionic personality disorder, and obesity. (Tr. 22). Despite these impairments, the ALJ determined that Ms. McMurtrie retained the residual functional capacity ("RFC") to:

> [P]erform a full range of work at all exertional levels. Nonexertionally, she is limited to simple, routine tasks that require no more than occasional interaction with peers and supervisors, and no contact with the public. She cannot tolerate production-paced work. She is likely to be off task 5% of the workday and miss 8 days a year.

(Tr. 24). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. McMurtrie could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 28-29).

Ms. McMurtrie raises several arguments on appeal. She principally contends that the ALJ erred in evaluating the opinion of her treating psychiatrist, Dr. Seligman. Ms. McMurtrie also makes three additional bare allegations with no supporting facts or argument: (1) that she satisfied two listings; (2) that the ALJ erred in evaluating her credibility; and (3) that the ALJ posed an improper hypothetical to the VE. Because I agree that the ALJ erred in evaluating the medical evidence of record, particularly the treatment notes and medical opinion of Dr. Seligman, remand is necessary. In so holding, I express no opinion regarding whether the ALJ's ultimate conclusion, that Ms. McMurtrie is not disabled, is correct or incorrect.

After reviewing the ALJ's opinion, I simply cannot determine that it is supported by substantial evidence. The ALJ completely failed to discuss almost the entirety of Ms. McMurtrie's psychological treatment notes, and blatantly mischaracterized the few he did discuss. For example, the ALJ stated that Ms. McMurtrie "was seen for six sessions of individual therapy," citing Exhibit 28F for the proposition that Ms. McMurtrie's "overall symptoms have been pretty stable, which is consistent with her global assessment of functioning (GAF) ranging 62-68." (Tr. 26). Exhibit 28F contains Ms. McMurtrie's treatment notes from September 21, 2011, to December 19, 2012, from Behavioral Health Services, where she was treated by Psychiatrist Dr. Seligman and Ms. Kitchens, a Licensed Clinical Social Worker. (Tr. 747-90). Contrary to the ALJ's statement that Ms. McMurtrie was seen for six sessions of individual therapy, Exhibit 28F alone contains records from fourteen sessions of individual therapy with Ms. Kitchens, as well as three Outpatient Treatment Care Plans, documents indicating that Ms. McMurtrie switched therapists in October 2012, and eight treatment notes from appointments with Dr. Seligman. *Id.* Indeed, when Ms. McMurtrie transferred therapy providers from Ms. Kitchens to Ms. Weagley, her discharge summary stated that she had been seen for a total of 106 sessions of therapy. (Tr. 761). Likewise, the GAF scores cited by the ALJ simply do not appear in the record. Instead, Exhibit 28F contains "current" GAF scores ranging from 48 to 59. (Tr. 748) (55); (Tr. 749) (50); (Tr. 752) (55); (Tr. 754) (55); (Tr. 756) (55); (Tr. 758) (55); (Tr. 759) (50); (Tr. 760) (48); (Tr. 761) (50); (Tr. 767) (52); (Tr. 779) (59); (Tr. 789) (58).

Similarly, in assigning "little weight" to Dr. Seligman's opinion, the ALJ discussed only treatment notes at Exhibit 13F, which contains three treatment notes from February, March, and June 2011. (Tr. 587-89). The ALJ states that these treatment notes indicate that Ms. McMurtrie's "mood was improved although she was not compliant with recommended treatment (light box) and she had stopped some medications." (Tr. 27). However, only the March 2011 treatment note indicates that Ms. McMurtrie's mood was improved. (Tr. 588). The February 2011 treatment note indicates that Ms. McMurtrie was "feeling down for 2 1/2 weeks," that she was "not showering, cooking, or cleaning [her] house," and that she "doesn't want to leave [her] house." (Tr. 589). The June 2011 treatment note indicates that Ms. McMurtrie was "more depressed few weeks." (Tr. 587). The ALJ's characterization of these treatment notes as

*Kristie McMurtrie v. Commissioner, Social Security Administration*
Civil No. SAG-14-1956
May 12, 2015
Page 3

indicating that Ms. McMurtrie's mood had improved despite non-compliance with medication is disingenuous.  Notably, the ALJ did not discuss his consideration of any of Dr. Seligman's other treatment notes, of which there were many, in evaluating Dr. Seligman's opinion.  *See, e.g.*, (Tr. 654-479); (Tr. 748-60).

      The inconsistencies between the ALJ's decision and the record indicate that, contrary to the dictates of the Social Security regulations, the ALJ simply cannot have reviewed and considered all the evidence of record.  *See* 20 C.F.R. § 404.1520(a)(3), ("We will consider all evidence in your case record when we make a determination or decision whether you are disabled."); *id.* § 404.1520b ("After we review all of the evidence relevant to your claim, including medical opinions, we make findings about what the evidence shows.").  While the ALJ is not required specifically to discuss in his opinion every piece of evidence,[1] the ALJ's comprehensive failure in this case to discuss the vast majority of the evidence, paired with his mischaracterization of that which he did discuss, prevents me from finding that his decision was supported by substantial evidence or made pursuant to proper legal standards.  Because proper consideration of the evidentiary discrepancies detailed above may alter both the ALJ's step three evaluation of the Listing of Impairments and his RFC assessment on remand, I need not address the specific arguments raised in Ms. McMurtrie's Motion for Summary Judgment.  On remand, the ALJ should ensure that, in determining whether Ms. McMurtrie meets or equals a listing, and in assessing her RFC, he provides an adequate explanation of how the record evidence relates to and supports his determinations.

      For the reasons set forth herein, Ms. McMurtrie's Motion for Summary Judgment (ECF No. 12) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                    Sincerely yours,

                                    /s/

                                  Stephanie A. Gallagher
                                  United States Magistrate Judge

---

[1] As the Fourth Circuit has explained, although the Commissioner's decision must "contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based," 42 U.S.C. § 405(b)(2), "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Reid v. Commissioner of Social Security*, 769 F.3d. 861, 865 (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)).